IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MELVIN SMITH, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
|     Respondents. | : | No. 13-2410 |

## MEMORANDUM

On July 17, 2013, petitioner James Melvin Smith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 5). Now before the court is petitioner's Motion for Discovery and Consolidated Memorandum of Law (Doc. No. 26), the government's Response to Petitioner's Motion for Discovery (Document No. 29), petitioner's Motion for Leave to Reply (Document No. 30), the government's Response to Petitioner's Motion for Leave to Reply (Document No. 31), and petitioner's Notice of Supplemental Authority (Document No. 37). For the reasons that follow, we deny petitioner's motion for discovery.

I.  BACKGROUND

On February 6, 1985, petitioner was convicted of murder in the first degree, criminal conspiracy, and possession of an instrument of crime. Following a penalty hearing, the jury returned a verdict of death. Petitioner filed a direct appeal, and the Pennsylvania Supreme Court affirmed the conviction and sentence. Commonwealth v. Smith, 540 A.2d 246 (Pa. 1988). Petitioner filed a PCRA petition and, ultimately, in 2004, the Superior Court entered a per curiam order vacating the PCRA court's order and remanding the case for an evidentiary hearing with respect to all "disputed, material facts, and appropriate fact-finding." Commonwealth v. Smith, 844 A.2d 549, 549 (Pa. 2004). On remand, the Commonwealth stipulated petitioner would be

1

granted a new penalty phase hearing based on the ineffectiveness of trial counsel, and the PCRA court vacated petitioner's sentence of death. The PCRA court denied relief on all other issues, and the Pennsylvania Supreme Court affirmed the PCRA court's order on March 29, 2011. Commonwealth v. Smith, 17 A.3d 873 (Pa. 2011). On October 25, 2012, petitioner was re-sentenced to life in prison without parole.

On July 17, 2013, petitioner filed a Petition for Writ of Habeas Corpus, and on January 29, 2015, petitioner filed the instant motion for discovery. In the instant motion, petitioner seeks discovery regarding claims of racial and ethnic discrimination in violation of Batson v. Kentucky, 476 U.S. 79 (1986), prosecutorial misconduct in violation of Brady v. Maryland, 373 U.S. 83 (1963), ineffective assistance of counsel, and actual innocence. In support of these arguments, petitioner requests discovery of: (i) the prosecutor's jury selection notes; (ii) the police department's homicide files; (iii) all files and/or documents maintained either by the police department or other state agency regarding material witnesses Levi Rucker, Barbara Smith, Betty Harris, and Kimberleigh Green; (iv) the complete medical examiner's file and report; (v) ballistics reports and evidence analysis; (vi) and the Commonwealth's file and police department's file in the prior gun case.

II.   STANDARDS OF REVIEW

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A habeas petitioner may obtain discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules"), which states:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

28 U.S.C. § 2254 Rule 6(a).

As a preliminary matter, a district court must identify the essential elements of a petitioner's claims and address whether the discovery requests are related to a constitutional challenge in the petition. Bracy, 520 U.S. at 904-5. A petitioner also must demonstrate good cause for the discovery by setting forth specific allegations that lead the court to believe, if the facts were fully developed, he may be entitled to relief. Bracy, 502 U.S. at 908-9. A petitioner may not engage in a fishing expedition, and "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). If good cause has been shown, the scope and extent of discovery is left to a district court's discretion. Bracy, 520 U.S. at 909.

III. DISCUSSION

   a. The Jury Selection Notes of the Prosecutor

In support of his claim regarding racial and ethnic discrimination in violation of Batson, petitioner seeks the jury selection notes of the prosecutor. Mot. for Disc. at 15-19. Petitioner argues (i) the prosecutor discriminated on the basis of race and gender during jury selection, (ii) the strikes in petitioner's case were exercised in a disproportionate fashion, and (iii) there is substantial evidence prosecutors in the Philadelphia District Attorney's office were actively trained to exercise strikes on the basis of race in violation of Batson. Id. In support of his arguments, petitioner notes the prosecutor "struck blacks at 8 times the rate he struck whites," and the Philadelphia District Attorney's office had a policy of keeping track of the race of all potential jurors in homicide cases, as is evidenced a "Jury Selection with Jack McMahon" videotape instructing prosecutors to "count the blacks and whites," and record pretextual

3

explanations for juror strikes.  Id. at 16, 19.  Petitioner argues the jury selection notes of a prosecutor have been ordered in discovery in several capital cases in the Eastern District of Pennsylvania.  Id. at 16-17.  Moreover, in his reply brief, petitioner states trial counsel provided ineffective assistance as a result of counsel's failure to make a Batson objection at trial or on direct appeal.  Pet. Reply 4/6/15 at 3.  In response, respondents argue petitioner's Batson claim is forfeited and barred from federal habeas corpus review, because petitioner did not object at trial or assert a Batson claim on direct appeal, even though Batson was decided while petitioner's case was on direct appeal.  Resp. to Mot. 3/19/15 at 4.  Moreover, respondents argue petitioner's claim that trial counsel provided ineffective assistance as a result of his failure to object to a Batson violation is barred, because petitioner is improperly attempting to raise a new argument in his reply brief.  Resp. to Mot. for Leave to File Reply 4/10/15 at 2.

       Batson prohibits the prosecutorial use of race in peremptory strikes and allows a defendant to challenge the basis of these strikes by showing purposeful discrimination.  See Batson, 476 U.S. at 79.  In 1987, the Supreme Court held Batson applied retroactively to all cases pending on direct review at the time Batson was decided.  See Griffith v. Kentucky, 479 U.S. 314, 328 (1987).  The Third Circuit has held for Batson to apply, however, a petitioner must have preserved the issue "at all stages of adjudication, including at trial and on direct appeal." Lewis v. Horn, 581 F.3d 92, 102 (3d Cir. 2009).

       Here, Batson was decided after petitioner was tried and convicted but while petitioner's case was pending on direct review.  Petitioner did not, however, raise a Batson claim at trial or on direct appeal.  See Smith, 17 A.3d at 894.  The Pennsylvania Superior Court denied petitioner's claims, noting:

> The PCRA court rejected [petitioner's] claim, holding that [petitioner] was not entitled to retroactive application of Batson . . . To be entitled to the retroactive

4

>benefit of Batson, [petitioner] had to challenge the Commonwealth's use of peremptory challenges both at trial and on direct appeal. As he acknowledges, he did not do so. [Petitioner], therefore, is not entitled to the benefit of Batson in his quest to prove that the Commonwealth violated the Equal Protection Clause during voir dire. Commonwealth v. Jones, 951 A.2d 294, 303 (Pa. 2008) (where Batson was decided during the pendency of a direct appeal, and no challenge to the Commonwealth's use of peremptory challenges was made during trial or on direct appeal, a PCRA petitioner is not entitled to the benefit of Batson; . . . see also Commonwealth v. Abu-Jamal, 555 A.2d 846, 849 (Pa. 1989) (in a pre-Batson case, finding waiver of challenge to prosecutor's use of peremptory challenges for failing to raise it before the trial court). Accordingly, because [petitioner] did not object during voir dire, he did not preserve a challenge to the Commonwealth's use of peremptory strikes. Because he did not preserve his challenge, he is not entitled to the retroactive application of Batson, and cannot succeed on this claim.

Id. at 893-94.

As referenced supra, the Third Circuit has further noted "the existence of a timely objection to the use of peremptory strikes is not merely a matter of state procedural law; instead, 'a timely objection is required to preserve' a claimed Batson violation for appeal and failing to do so will result in forfeiture of the claim." Lewis, 581 F.3d at 102 (citing Abu-Jamal v. Horn, 520 F.3d 272, 284 (3d Cir. 2008)). Because petitioner did not file a timely objection as required under Batson either at trial or on direct appeal, petitioner's claim in this regard has been forfeited, and we find petitioner cannot establish good cause in support of the discovery he requests.

We next turn to petitioner's claim in his reply brief that trial counsel was ineffective for failing to make a Batson objection. See Pet. Reply 4/6/15 at 3. Primarily, we note petitioner did not discuss an ineffective assistance of counsel claim with regard to his Batson claim in his initial Motion for Discovery and Consolidated Memorandum of Law. See Mot. for Disc. at 15-19. See also Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court") (internal

5

quotation marks omitted). Moreover, the Superior Court reviewed petitioner's argument that trial counsel was ineffective for failing to raise a <u>Batson</u> claim either in post-trial motions or on direct appeal, and the Superior Court denied petitioner's claims on the merits, noting Pennsylvania state courts have rejected the argument that counsel was ineffective for failing to raise an unpreserved claim on appeal premised on <u>Batson</u> when there was no record during trial upon which to construct such a claim. <u>See</u> <u>Smith</u>, 609 Pa. at 646.

We will not decide the merits of petitioner's trial counsel ineffectiveness claim at this time; however, in light of the state court's finding that petitioner's claim was meritless, it is unlikely to succeed. Petitioner has failed to show good cause, because he does not indicate how jury selection notes of the prosecutor could further his claim that trial counsel was ineffective for failing to raise a <u>Batson</u> objection at trial or on direct appeal. Accordingly, we find petitioner is not entitled to discover documents relating to the jury selection notes of the prosecutor, and we deny petitioner's request.

  b. <u>Petitioner's Remaining Discovery Requests</u>

In support of claims regarding prosecutorial misconduct, ineffective assistance of counsel, and actual innocence, petitioner has made the following discovery requests: (i) discovery of the police department's homicide files; (ii) all files and/or documents maintained either by the police department or other state agency regarding material witnesses Levi Rucker, Barbara Smith, Betty Harris, and Kimberleigh Green; (iii) the complete medical examiner's file and report; (iv) ballistics reports and evidence analysis; (v) and the Commonwealth's file and police department's file in the prior gun case. Mot. for Disc. at 15. Petitioner notes he has sought this evidence in state court proceedings, but his requests were denied. <u>Id.</u>

In support of his requests for discovery, petitioner notes on June 25, 1979 -- two (2) days after the victim was shot -- petitioner was arrested, and subsequently acquitted, for illegally carrying a gun that a ballistics examination showed had fired the bullets that killed the victim; petitioner argues evidence developed and presented in the prior acquittal on gun possession charges and the prior judge's verdict shows petitioner first possessed the murder weapon two days after the murder. Mot. for Disc. at 14. Petitioner states there is evidence the Commonwealth's representatives knew about the prior acquittal and the evidence presented, but failed to disclose to defense counsel exculpatory evidence from the case. Id. Petitioner argues trial counsel failed to investigate the prior case, and thus failed to develop and present information from the prior acquittal which would have shown petitioner's innocence. Id. Moreover, petitioner argues witnesses of Commonwealth who testified at trial against petitioner have now stated petitioner was not involved in the murder. Id. at 11. In response, respondents argue petitioner has not demonstrated good cause for discovery, and petitioner has not reconciled his request for discovery with the Supreme Court's decision in Cullen v. Pinholster, 131 S. Ct. 1388 (2011). Resp. to Mot. 3/19/15 at 7. Moreover, respondents argue petitioner's claim that he is actually innocent, with little explanation, does not justify discovery, and petitioner's argument that trial counsel was ineffective for failing to present a defense of diminished capacity would have necessarily conceded petitioner's factual guilt and is in great tension with petitioner's argument that he is actually innocent. Id. at 12. We shall address each discovery request in turn.

    i.    Police Department's Homicide Files

Petitioner seeks to obtain the complete record of the police department's homicide file. Mot. for Disc. at 10. Petitioner implies the file contains evidence supporting his contentions that he is actually innocent. For the reasons that follow, we deny this request.

Courts have generally held that a request for a complete record of a police investigation file in the course of seeking discovery in connection with a habeas petition is too broad to be allowed.  See, e.g., Marshall v. Beard, 2010 WL 1257632, at *4 (E.D. Pa. Mar. 30, 2010) (citation omitted) (denying petitioner's request for complete homicide file because of over breadth of request and lack of specificity associated with accompanying statement).  Moreover, in asking for the complete homicide file, petitioner does not point to any specific evidence he hopes to uncover that would support his claims.  See id.  Petitioner's request for the complete homicide file appears to be an attempt at a "fishing expedition" to find evidence that would exculpate him.  Such attempts are too speculative in nature and do not demonstrate the good cause required under Rule 6.  See Deputy, 19 F.3d at 1493 (noting petitioner not entitled to go on fishing expedition through government's files in hopes of finding damaging evidence) (citation omitted); Cotto v. Murray, 2011 WL 1118724, at *6 (W.D. Pa. Mar. 24, 2011) (construing petitioner's request to see if records contain information to support assertion he is innocent as desire to go on "fishing expedition").  Accordingly, petitioner's request for the police department's homicide file is denied, because petitioner has not shown good cause for the discovery he seeks.

    ii.    <u>All Files and/or Documents Maintained Either by the Police Department or Other State Agency Regarding Material Witnesses Levi Rucker, Barbara Smith, Betty Harris, and Kimberleigh Green</u>

Petitioner also requests all files and/or documents maintained either by the police department or other state agency regarding material witnesses Levi Rucker ("Mr. Rucker"), Barbara Smith ("Ms. Smith"), Betty Harris ("Ms. Harris"), and Kimberleigh Green ("Ms. Green").  In support of his argument, petitioner states Ms. Harris -- who testified at trial she saw petitioner shoot and kill the victim -- was subjected to police pressure and consistently told

police investigators she was unable to identify the shooter until the eve of trial. Mot. for Disc. at 10. Petitioner argues Ms. Harris now swears Mr. Rucker was the real shooter. Id. In addition, petitioner argues Ms. Smith – petitioner's sister – told trial counsel after trial and capital sentencing: (i) she planned the killing with both Ms. Green and Mr. Rucker, (ii) petitioner took no part in the murder, and (iii) Ms. Smith was present when Mr. Rucker shot the victim.[1] Id. For the reasons that follow, we find petitioner has not established good cause for discovery of the above-referenced information.

As discussed supra, a petitioner is not entitled to go on a fishing expedition through the government's files in hopes of finding damaging evidence. See Deputy, 19 F.3d at 1493. With regard to Ms. Harris, petitioner was aware before trial that Ms. Harris had given prior statements that were inconsistent with her testimony, and trial counsel cross-examined Ms. Harris regarding her prior inability to identify the shooter and her prior identification of Mr. Rucker. Smith, 17 A.3d at 886-89. Moreover, the state court found, in part, that petitioner had not established a basis to develop this claim further in an evidentiary hearing, because Ms. Harris' new story -- that Mr. Rucker shot the victim rather than petitioner -- was not likely to compel a different outcome at trial. Id. The state court noted the jury was already aware that Ms. Harris' testimony was inconsistent with several other statements she had made to police, and petitioner could have discovered Ms. Harris' new information at, or prior to, the conclusion of trial through reasonable diligence.[2] Id.

---

[1] Petitioner states the trial court appointed an attorney to represent Ms. Smith and ordered Ms. Smith be subject to a mental health evaluation; Ms. Smith then claimed her Fifth Amendment rights and refused to testify. Mot. for Disc. at 11.

[2] The Superior Court noted that when a petitioner is seeking a new trial, as here, based on after discovered evidence in the form of recantation testimony, a petitioner must establish: (i) the evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (ii) the evidence is not cumulative; (iii) it is not being used solely to impeach credibility; and (iv) it would likely compel a different verdict. See Smith, 17 A.3d at 887.

Moreover, when Ms. Smith was offered the opportunity after trial to testify that Mr. Rucker, not petitioner, shot the victim, Ms. Smith declined to offer said testimony under oath. See Mot. for Disc. at 12. Finally, petitioner does not state what he hopes to find in the police department and state agency files for Mr. Rucker and Ms. Green, and, as such, petitioner's request is overbroad and too speculative in nature. See Marshall, 2010 WL 1257632, at *4.

We will not decide the merits of petitioner's claims at this time, but in light of the state court's finding that the above-referenced information was not likely to change the outcome of petitioner's trial, which was reasonable in light of the evidence provided in state court, petitioner's claim in this regard is unlikely to succeed. Petitioner has failed to show good cause, because he has not given this court reason to believe he might be entitled to relief if the factual basis for the claim were more fully developed and his requests are overbroad and too speculative in nature. Accordingly, we find petitioner is not entitled to discover files and/or documents maintained either by the police department or other state agency regarding Levi Rucker, Barbara Smith, Betty Harris, and Kimberleigh Green.

    iii.    The Complete Medical Examiner's File and Report

Petitioner requests a copy of the complete medical examiner's file and report. See Mot. for Disc. at 10. Petitioner does not, however, indicate how said information can help his case or what he hopes to discover in the medical examiner's files. As referenced supra, a petitioner must demonstrate good cause for discovery by setting forth specific allegations that lead the court to believe, if the facts were fully developed, he may be entitled to relief. Bracy, 502 U.S. at 908-9. Here, petitioner has not demonstrated good cause as required under Rule 6, and, as such, petitioner's request is denied. See Deputy, 19 F.3d at 1493.

    iv.    Ballistics Reports and Evidence Analysis

Petitioner also requests ballistics reports and evidence analysis. See Mot. for Disc. at 10. Petitioner notes that a ballistics examination revealed petitioner was in possession of the gun used to kill the victim two (2) days after the murder, however, petitioner does not indicate how a ballistics report and evidence analysis will advance his prosecutorial misconduct, ineffective assistance of counsel, or actual innocence claims. As referenced supra, a petitioner must demonstrate good cause for discovery by setting forth specific allegations that lead the court to believe, if the facts were fully developed, he may be entitled to relief. Bracy, 502 U.S. at 908-9; see also Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) ("Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, . . . neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery."). Because petitioner has not advanced any argument in support of his request for ballistics reports and an evidence analysis, petitioner has not demonstrated good cause as required under Rule 6, and, therefore, petitioner's request is denied. See Deputy, 19 F.3d at 1493.

   v. The Commonwealth's File and Police Department's File in the Prior Gun Case

Petitioner seeks the files of both the Commonwealth and the police department regarding petitioner's prior gun case, which resulted in an acquittal. See Mot. for Disc. at 10. Petitioner argues the evidence and findings from his prior acquittal on gun-related charges show petitioner first possessed the gun that killed the victim two days after the murder, and, therefore, petitioner is innocent of the instant offense. Id. at 12, 14. Petitioner states there is evidence the Commonwealth's representatives knew about the prior acquittal, the evidence presented at the time, and the prior judge's findings, but allowed inaccurate and untruthful evidence into the capital trial. Id. at 14. Finally, petitioner argues trial counsel failed to investigate the prior case

11

and failed to develop and present information from the previous trial that would have shown petitioner's innocence of the instant charges.  Id.

First, in reviewing petitioner's claim that the Commonwealth's representatives knew about the prior acquittal, the evidence presented at the time, and the prior judge's findings, but allowed inaccurate and untruthful evidence into the capital trial, the Pennsylvania Superior Court noted, in relevant part:

> The Commonwealth cannot violate Brady by suppressing evidence that does not exist . . . As we observed on direct appeal, there is no full record of the proceedings of the gun charges trial because the notes of testimony were not transcribed . . . Additionally [petitioner] has not identified a specific piece of evidence or information that the Commonwealth has withheld that contradicts evidence introduced at the murder trial.  It is [petitioner's] burden to show that the Commonwealth withheld or suppressed evidence.  [Petitioner] cannot satisfy this burden without identifying the evidence that the Commonwealth allegedly suppressed.

Smith, 17 A.3d at 890.

Under Brady, a prosecution's failure to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights.  To prove a violation under Brady, a petitioner must demonstrate: (i) the state withheld evidence either willfully or inadvertently; (ii) the evidence in question was favorable to the petitioner either because it is exculpatory or it is impeaching; and (iii) the evidence was material, requiring there be a reasonable probability the withheld evidence would have produced a different verdict.  See Strickler v. Greene, 527 U.S. 263, 281-82; Brady, 373 U.S. at 83.  A petitioner has the burden of demonstrating the Commonwealth withheld or suppressed evidence.  See Maynard v. Gov't of Virgin Islands, 392 F. App'x 105, 119 (3d Cir. 2010).  We will not decide the merits of petitioner's Brady claim at this time; however, as the Superior Court noted, there is no full record of the proceedings of the gun charges trial.  Moreover, "bald assertions and conclusory

allegations" that the Commonwealth was aware of the prior case and its findings, but allowed inaccurate and untruthful information into the capital trial, do not entitle petitioner to an evidentiary hearing nor do they provide a basis for imposing upon the state the burden of producing the Commonwealth's file or the police department's file in the prior gun case. Mayberry, 821 F.2d at 185.  As such, we find petitioner's allegations in this regard do not show good cause for discovery of the Commonwealth and police department's files regarding the prior gun case.

In reviewing petitioner's trial counsel ineffectiveness claims the Superior Court noted, in part:

> [Petitioner] argues that trial counsel was ineffective for failing to investigate the facts and evidence established at the gun charges trial and for failing to present evidence from the prior acquittal that would have demonstrated [petitioner's] innocence of the [victim's] murder.  Specifically, [petitioner] gave a statement to police at the time of his arrest on gun charges on June 25, 1979, in which he informed police that he had just purchased the gun ten minutes earlier.  At the homicide trial, [petitioner] also testified in his defense that he acquired the murder weapon two days after the murder . . . . On June 25, 1979, two days after the gun was used to kill [the victim], petitioner had a motive to lie about when he acquired it.  Accordingly, his prior consistent statement would not have been admissible, and counsel was not ineffective for failing to attempt to introduce it.

Smith, 17 A.3d at 890-91.

The standard for ineffectiveness of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984), which states a petitioner must demonstrate (i) counsel's performance fell below an objective standard of reasonableness and (ii) counsel's deficient performance prejudiced the defense by depriving petitioner of "a fair trial, a trial whose result is reliable." Id. at 689-92.  To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A district court must defer to the state court's legal

determination that counsel was not ineffective, and a district court may overturn the finding only if it was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

Here, petitioner does not state what he believed trial counsel should have done to further investigate the prior acquittal, especially in light of the Superior Court's finding that "there is no full record of the proceedings of the gun charges trial because the notes of testimony were not transcribed." Smith, 17 A.3d at 635. We will not decide the merits of petitioner's ineffectiveness claim at this time, but in light of the state court finding that trial counsel was not ineffective, petitioner's claim is unlikely to succeed. Petitioner has failed to show good cause, because he has not given this court reason to believe he might be entitled to relief if the factual basis for the claim were more fully developed. Accordingly, we find petitioner is not entitled to discover documents relating to Commonwealth's file or the police department's file in the prior gun case in order to support his ineffectiveness claim, and petitioner's motion for discovery is denied.[3]

An Appropriate Order follows.

BY THE COURT:

/s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

---

[3] Because we have found petitioner is not entitled to the discovery he seeks, we need not address respondents' argument regarding whether the rule established in Pinholster would bar discovery on petitioner's claims that had been adjudicated on the merits. In Pinholster, the Supreme Court held "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 131 S.Ct. at 1398. The Supreme Court further stated: "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id. at 1400.